IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY 2001, <br><br> Plaintiff, <br><br> Vs. <br><br> PACIFIC INSURANCE COMPANY LIMITED, INC., NATIONAL FIRE AND MARINE INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, ALAMEDA ASSOCIATES INSURANCE AGENCY, INC., RICK VERNE McKINLEY, individually, and DOES 1-100 <br><br> Defendants. | CASE NO. 2:10-CV-00415-JAM-KJN <br><br> **ORDER GRANTING DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

This matter comes before the Court on Defendant Lexington Insurance Company's ("Lexington") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. #44). Plaintiff Energy 2001 opposes the motion. (Doc. #47). A hearing on this motion was held on December 8, 2010.

**Factual and Procedural Background**

This is an insurance coverage action arising from a transformer failure that occurred on August 8, 2008 at Plaintiff's property in Lincoln, California. Plaintiff operates a renewable resource Power Plant in Lincoln, California, using landfill gas to power three Caterpillar 3516 engines that turn a generator, creating electricity, which is then sold to the City of Roseville, California. In early 2004, Plaintiff and Defendant Lexington's insured, The Shaw Group, implemented an Operation and Maintenance Agreement for the Power Plant. (Doc. #47-2 at pp. 2 – 21).

On August 8, 2008, the transformer that was part of the 3516 Landfill Gas Generator System failed, causing damage to the transformer and its components. On August 8, 2008, The Shaw Group's real and personal property was insured under Lexington Policy No. 4669426, with effective dates of March 1, 2008 to March 1, 2009 ("the Lexington policy"). Plaintiff received an

"Evidence of Commercial Property Insurance" form from The Shaw Group, which informed that the Lexington policy was issued to The Shaw Group for the indicated policy period. (Doc. #47-2 at p. 32).  Subsequent to the occurrence, Plaintiff submitted a request through The Shaw Group to initiate an insurance claim with Defendant Lexington as an additional insured.  The Shaw Group was listed as the only named insured on the Lexington policy.  Defendant Lexington denied Plaintiff's claim because Plaintiff was not covered as an insured under the Lexington policy.

Plaintiff thereafter filed suit against Defendant Lexington, among others defendants, alleging breach of contract (Doc. #36, First Cause of Action) and breach of the implied covenant of good faith and fair dealing (Doc. #36, Third Cause of Action).

### **Order**

Plaintiff seeks coverage under the Lexington policy as an additional insured or a party with an additional interest.  In asserting coverage under the Lexington policy, Plaintiff relies on the Operation and Maintenance Agreement it entered into with The Shaw Group, wherein The Shaw Group would be covered by Worker's Compensation Insurance, and by General Liability and Automobile Liability Insurance, with certificates of insurance to be furnished to Energy 2001 on request.  Plaintiff additionally relies on the "Evidence of Commercial Property Insurance" form, identifying Plaintiff as a party with an "Additional Interest" in the Lexington Policy.

It is undisputed, however, that Plaintiff is not named as a direct insured, additional insured or an express beneficiary under the Lexington Policy.  A person or entity that is not a party to a contract "has no standing to enforce the contract or to recover extra-contractual damages for wrongful withholding of benefits to the contracting party." *Gantman v. United Pacific Insurance Co.*, 232 Cal. App. 3d 1560, 1566 (6th Dist. 1991); *citing Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027, 1034 (2nd Dist. 1988).  In the context of a contract for insurance, a person who is not insured under a policy (whether as a direct insured or an additional insured) does not have standing to bring an action for breach of contract under the policy.  *Republic Indemnity Company of America v. Schofield*, 47 Cal. App. 4th 220, 227 (1st Dist. 1996); *citing Gantman*, 232 Cal. App. 3d at 1566.

Proposed Order Granting Lexington Insurance Company's Motion for Summary Judgment

PDF created with pdfFactory trial version www.pdffactory.com

In addition, the Operation and Maintenance Agreement was between The Shaw Group and Plaintiff. Defendant Lexington was not a party to the Agreement. As stated by the United States Supreme Court, a contract cannot bind a nonparty. *EEOC v. Waffle House, Inc.*, 122 S. Ct. 754, 764 (2002). As a nonparty to the Agreement, Defendant Lexington is not bound by any representations made therein.

Finally, Plaintiff's claims for additional insured status under the "Evidence of Commercial Property Coverage" form also fail. The Form itself states: "This Evidence of Commercial Property Insurance is Issued as a Matter of Information Only and Confers No Rights Upon the Additional Interest Named Below. This Evidence of Commercial Property Insurance Does Not Amend, Extend or Alter the Coverage Afforded by the Policies Below." Thus, the plain language of the Form provides that the Policy, and not the Form, controls whether coverage is afforded. Under California law, a certificate of insurance it is not a contract between the insurer and the certificate holder and does not operate to alter the terms of an insurance policy. See *Carolina Casualty Insurance Co. v. Ortiz*, 2010 WL 55880, *12 (E.D. Cal. 2010). The terms of the Lexington policy prevail and the "Evidence of Commercial Property Coverage" form does not alter the terms of coverage under the policy.

No genuine issues of material fact exist regarding Plaintiff's status as an insured party under the Lexington Policy. Plaintiff is not afforded coverage under the Lexington Policy. As such, Plaintiff lacks standing to assert the breach of contract and breach of the implied covenant of good faith and fair dealing claims against Defendant Lexington.

For the above reasons, Defendant Lexington Insurance Company's Motion for Summary Judgment on Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims is hereby granted.

IT IS SO ORDERED.

Dated: December 21, 2010

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

Proposed Order Granting Lexington Insurance Company's Motion for Summary Judgment

PDF created with pdfFactory trial version www.pdffactory.com