UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY 2001, | Case No. 2:10-CV-0415-JAM-KJN |
| Plaintiff, | ORDER GRANTING DEFENDANT/CROSS-DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS CROSS CLAIMS |
| v. | |
| PACIFIC INSURANCE COMPANY LIMITED, INC.; NATIONAL FIRE AND MARINE INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; ALAMEDA ASSOCIATES INSURANCE AGENCY, INC.; RICK VERNE McKINLEY, individually, and DOES 1-100, | |
| Defendants. | |

This matter comes before the Court on Defendant/Cross-Defendant Lexington Insurance Company's ("Lexington") motion to dismiss (Doc. #46) Defendant/Cross-Claimants Alameda Associates Insurance Agency, Inc. and Rick Verne McKinley's (collectively "Cross-Claimants") cross claim (Doc. #39), for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). Cross-claimants oppose the motion (Doc. #57). This matter was set for hearing on January

26, 2011, and ordered submitted on the briefs.[1] For the reasons set forth below, Lexington's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Energy 2001 ("Energy 2001") sued Lexington Insurance Company ("Lexington"), as well as defendants Pacific Insurance Company ("Pacific"), National Fire and Marine Insurance Company ("National Fire"), Alameda Associates Insurance Agency ("Alameda Associates") and Rick Verne McKinley ("McKinley"). Energy 2001's power plant was damaged in an August 2008, and its subsequent insurance claims were denied by the various insurance companies (including Lexington) that allegedly provided coverage to Energy 2001's power plant. This Court previously granted summary judgment in favor of Lexington, with respect to its liability to Energy 2001, on the basis that Energy 2001 was neither a named insured nor an additional insured under the policy at issue (Doc. #56).

Energy 2001's First Amended Complaint (Doc. #36), brought two claims against Alameda Associates and McKinley: breach of oral contract and negligence. Both claims were premised on allegations that Alameda Associates and McKinley represented to Energy 2001 that they would research and procure the correct amount of appropriate insurance coverage to insure Energy 2001 against any conceivable losses. Cross-Claimants answered the First Amended Complaint (Doc. #39), and included in their answer their three cross claims against Lexington and the other cross defendants. Lexington then brought the present motion to dismiss. Shortly

---

[1] This motion was deemed suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1  thereafter, Plaintiff's First Amended Complaint was dismissed,
2  pursuant to an unopposed motion to dismiss brought by National Fire
3  and Pacific (See Doc. #45).  Plaintiff then filed a Second Amended
4  Complaint, amending to add further allegations regarding National
5  Fire and Pacific (Doc. #48).  The Second Amended Complaint did not
6  add any new allegations or claims regarding Lexington, Alameda
7  Associates or McKinley.  Cross-Claimants filed an identical answer
8  to the Second Amended Complaint, and included identical "amended
9  cross claims" against Lexington and the other cross defendants
10 (Doc. #54).  As the cross claims and amended cross claims are
11 identical, the Court will treat the motion to dismiss the cross
12 claims as also applying to the "amended" cross claims.
13     Cross-Claimants bring three cross claims against Lexington,
14 seeking indemnity, contribution and declaratory relief.  Lexington
15 seeks dismissal of all three cross claims.  Lexington first argues
16 that Cross-Claimants lack standing to bring the cross claims.
17 Lexington argues that since Energy 2001 is not an insured it lacks
18 standing to bring claims against Lexington, and any cross claim is
19 derivative of Energy 2001's ability to maintain an action.
20 Alternatively, Lexington argues that Cross-Claimants fail to state
21 a claim because Energy 2001 was not an insured and there is no
22 basis in contract or tort law to hold Lexington liable for
23 indemnity or contribution.
24 ///
25 ///
26 ///
27 ///
28

II.   OPINION

A.   <u>Legal Standard</u>

<u>Rule 12(b)(1)</u>

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(B)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Because challenges to standing implicate a federal court's subject matter jurisdiction under Article III of the United States Constitution, they are properly raised in a motion to dismiss under Rule 12(b)(1).

<u>Meaunrit v. ConAgra Foods Inc.</u>, 2010 WL 2867393, *3 (N.D. Cal. July 20, 2010) (internal citations omitted).

A person or entity that is not a party to a contract has no standing to enforce the contract or to recover extra-contractual damages for wrongful withholding of benefits to the contracting party. <u>Gantman v. United Pacific Insurance Co.</u>, 232 Cal.App.3d 1560, 1566 (1991). In the insurance context, a non-party who is nevertheless entitled to policy benefits, such as an insured person under the terms of the policy or an express beneficiary, has standing only if he or she is a claimant whose benefits are wrongfully withheld. <u>Id.</u> A person who is not insured under a policy, whether as a direct insured or an additional insured, does not have standing to bring an action for breach of contract under the policy. <u>Republic Indemnity Company of America v. Schofield</u>, 47 Cal.App.4th 220, 227 (1996).

<u>Rule 12(b)(6)</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the

4

court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id.

B.   Standing

Lexington's motion to dismiss initially attacks the cross claims on standing grounds, as explained above. The Court's recent order finding that Energy 2001 was not a party to the insurance contract with Lexington indeed affirms Lexington's argument that

5

because Energy 2001 lacks standing to bring a breach of contract claim against Lexington, Cross-Claimants lack derivative standing to maintain a contract-based cross claim.  Cross-Claimants' opposition brief argues that the cross claims are based upon alleged tort liability, not contract liability.  Accordingly, the Court denies Lexington's motion to dismiss the cross claims on standing grounds, but, as discussed below, finds Lexington's alternate argument that Cross-Claimants fail to state a claim under Rule 12(b)(6) to be meritorious.

      C.    <u>Failure to State Cross Claims</u>

In the cross claims for total equitable indemnity, partial equitable indemnity, and declaratory relief, Cross-Claimants base their claims for indemnity and/or contribution on an alleged breach by Lexington of its respective duties.  However, the Court has already ruled that Lexington owed no contractual duty to Energy 2001, and neither the First Amended Complaint, Second Amended Complaint, nor the cross claims contain allegations that Lexington owed a duty of care that would give rise to tort liability.

Under California law, equitable indemnity is not available without the existence of a joint legal obligation to the injured party.  <u>Jocer Enterprises, Inc., v. Price</u>, 183 Cal.App.4th 559, 573-74 (2nd Dist.2010).  Under this principle, there can be no indemnity without liability.  <u>Id.</u> citing <u>Prince v. Pacific Gas & Elec. Co.</u>, 45 Cal.4th 1151, 1165 (2009).  Where the party from whom indemnity is sought owes no duty to the plaintiff or is not responsible for the injury, no indemnity may be obtained.  <u>Id.</u>  Accordingly, in order for Cross-Claimants to maintain their cross claims against Lexington, there must exist a legal obligation, or

6

1  duty, that Lexington owes to Energy 2001.  In this case, no such
2  duty exists.  The cases relied upon by Cross-Claimants, <u>Frank v.
3  California</u>, 205 Cal.App.3d 488 (1988) and <u>People ex rel. Dept of
4  Transportation v. Superior Court</u>, 26 Cal.3d 744 (1980) are
5  inapplicable.  Both of these cases involved joint tortfeasors, and
6  stood for the proposition that where concurrent tortfeasors are
7  jointly responsible for a plaintiff's injuries, one tortfeasor may
8  seek indemnity from the other even though the plaintiff's claims
9  against the other were barred on procedural grounds.
10     The Court has taken judicial notice, as requested by Cross-
11 Claimants, of affidavits previously submitted to the Court, however
12 these affidavits do not aid Cross-Claimants in establishing tort
13 liability.  Cross-Claimants' opposition brief also describes two
14 hypothetical scenarios in which they argue Lexington might owe a
15 duty of care to Energy 2001, however none of the allegations in the
16 hypothetical scenarios are contained in the First Amended
17 Complaint, Second Amended Complaint, or the cross claims.
18 Moreover, as Lexington's Reply brief correctly explains, neither of
19 the hypothetical scenarios establishes the actual existence of a
20 tort duty owed by Lexington to Energy 2001.  Accordingly, the Court
21 finds that Cross-Claimants have failed to state a cross claim
22 against Lexington, and amendment would be futile.
23
24                         III. ORDER
25     For the reasons set forth above, Lexington's Motion to Dismiss
26 is GRANTED, With Prejudice.
27     IT IS SO ORDERED.
28 Dated:  March 7, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE