1  ANN K. JOHNSTON (SBN 145022)
   ajohnston@bergerkahn.com
2  TED A. SMITH (SBN 159986)
   tsmith@bergerkahn.com
3  BERGER KAHN
   A Law Corporation
4  7200 Redwood Boulevard, Suite 325
   Novato, CA  94945
5  Tel:  (415) 899-1770  •  Fax: (415) 899-1769

6  Attorneys for Defendants
   PACIFIC INSURANCE COMPANY, LIMITED
7  and NATIONAL FIRE & MARINE INSURANCE
   COMPANY
8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **EASTERN DISTRICT OF CALIFORNIA**

12

13  ENERGY 2001,                          )   CASE NO. 2:10-CV-00415-JAM-KJN
                                          )
14                    Plaintiff,          )
                                          )   **DISCOVERY MATTER**
15  vs.                                   )
                                          )
16  PACIFIC INSURANCE COMPANY             )   **STIPULATION AND [PROPOSED]**
    LIMITED INCORPORATED;                 )   **PROTECTIVE ORDER RE**
17  NATIONAL FIRE AND MARINE              )   **CONFIDENTIALITY OF DOCUMENTS**
    INSURANCE COMPANY;                    )   **AND OTHER INFORMATION**
18  LEXINGTON INSURANCE                   )
    COMPANY; ALAMEDA                      )
19  ASSOCIATES INSURANCE                  )   DATE ACTION FILED:   2/17/2010
    AGENCY, INCORPORATED; RICK            )   TRIAL DATE:          3/12/2012
20  VERNE MCKINLEY AS AN                  )
    INDIVIDUAL; AND DOES 1-100,           )
21                                        )
                      Defendants.         )
22                                        )

23

24         Pursuant to Local Rule 141.1(d), IT IS HEREBY STIPULATED AND AGREED

25  by and between and among Plaintiff, Energy 2001, and Defendants, Pacific Insurance

26  Company, Limited, National Fire and Marine Insurance Company, Alameda Associates

27  Insurance Agency, Inc., and Rick Verne McKinley, referred to collectively as "the

28  parties," by and through their respective attorneys of record, as follows:

                                          1

1  <u>Recitals</u>.  Plaintiff filed a complaint against the Defendants on February 17, 2010. Document requests in this matter have requested, among other things, production of underwriting file materials from Defendants Pacific Insurance Company, Limited (hereinafter "Pacific") and National Fire and Marine Insurance Company (hereinafter "National Fire").  The parties have agreed that Pacific and National Fire will produce documents in response to these requests, conditioned upon execution by the parties and the Court of the following stipulated protective order.

<u>Confidential Information</u>.  Plaintiff Energy 2001 and Defendants Alameda Associates Insurance Agency, Inc. and Rick Verne McKinley have requested Pacific's and National Fire's underwriting records.  Such records concern or relate to the processes and operations of Pacific and National Fire, and the disclosure of such information may have the effect of causing harm to the competitive position of Pacific and National Fire, as these records reveal the processes and/or procedures through which Pacific and/or National Fire evaluate risks, determine pricing, and/or otherwise select entities with which they enter into a contractual relationship.  Pacific and National Fire request an order from this Court designating this information as protected in order to clarify and obtain approval from this Court regarding the procedures to be followed regarding the use of such confidential material. This protective order shall apply to Pacific and National Fire's underwriting information and documents provided or produced during this action, which Pacific and National Fire will designate as "confidential."  Information designated as "confidential" shall be designated as such at the time it is produced:  documents designated as "confidential" will contain a stamp or other inscription that states "Confidential- Subject to Protective Order."

For underwriting information not reduced to written material, document, or other tangible item, or information that cannot be conveniently designated as set forth in this paragraph, Pacific and National Fire will designate the information as "confidential" by giving written notice to all the other parties to this action at the time the information is

2

Stipulation and [Proposed] Protective Order                Case No.: 2:10-CV-00415-JAM-KJN
Re Confidentiality of Documents and Other Information

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA  94945

1   produced.  The written notice will clearly identify that part of the information being
2   produced that is designated as "confidential."

3   By designating a document or information as "confidential," Pacific and National
4   Fire are certifying to the Court that there is a good faith basis both in law and in fact for
5   the designation.

6   <u>Dissemination of Confidential Information</u>.  Any and all information designated as
7   "confidential" as indicated above will not be disseminated in any manner with the
8   exception that this information and documents may be reviewed and used as evidence
9   subject to applicable objections and the protections provided for in this stipulation, by the
10  attorneys, attorneys' staff, the parties, and experts involved in this action.  This stipulation
11  and order shall be binding on all partners, staff and employees in the attorneys' offices.  If
12  "confidential" information and/or documents are disclosed to the parties or parties'
13  experts, such recipients must agree to the terms of this stipulated protective order and
14  sign a Confidentiality Agreement in the form of Attachment "A" to this stipulation and
15  order, stating that he or she has read and understands the terms of this stipulation and
16  order and agrees to be bound by its terms.  The person's signature shall be and hereby is
17  intended to cover employees of such persons to whom it is necessary that the information
18  and/or documents be disclosed for purposes of this action.  Each person to whom
19  disclosure of "confidential" information and/or documents is made agrees to be subject to
20  the jurisdiction of this Court solely for purposes of proceedings relating to that person's
21  performance under, compliance with, or violation of this order.   The original executed
22  Confidentiality Agreement shall be maintained by the attorney of record for the party
23  causing the disclosure, and shall be made available for inspection by any other party after
24  the dismissal of this action or upon order of the Court.  Counsel may not use documents
25  and/or information designated as "confidential" in connection with any other matter other
26  than the present case.

27  <u>Use of Confidential Information and Documents</u>.  Any information or documents
28  designated as "confidential" will be handled by all parties who receive copies of said

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1  information and/or documents, in accordance with the terms of this stipulation and order.
2  Information and documents designated as "confidential" will be held in confidence by the
3  parties and will be used by the parties for purposes of this action and trial only.

4  <u>Deposition Testimony</u>.  Testimony taken at a deposition, conference, hearing or
5  trial referencing Pacific or National Fire's "confidential" information and/or documents
6  may be designated by Pacific and/or National Fire as "confidential" by making a
7  statement to that effect on the record at the deposition or other proceeding.  Arrangements
8  shall be made with the court reporter taking and transcribing such proceeding to
9  separately bind such portions of the transcript containing information designated as
10 confidential, and to label such portions appropriately.  Any additional expense for this
11 protection will be borne by Defendants Pacific and National Fire.

12 <u>Court Proceedings.</u>  Any party seeking to file with the Court pleadings, motions, or
13 other documents that contain or annex the "confidential" information and/or documents
14 produced by Pacific and/or National Fire pursuant to this Stipulated Protective Order
15 shall give Pacific and/or National Fire's counsel 10 court days notice of intent to file such
16 pleading, motion or other document so that Pacific and/or National Fire may seek an
17 order sealing such "confidential" information and/or documents pursuant to Local Rule
18 141 pursuant to a Request to Seal.  Any "confidential" information and/or documents
19 which are the subject of a Request to Seal will not be filed with the Court until the Court
20 has issued an order on the Request to Seal.  Any "confidential" information and/or
21 documents which are the subject of a Request to Seal will be filed in accordance with the
22 Court's order on the Request to Seal.  Any Court hearing or other proceeding that refers
23 to or describes "confidential" information and/or documents will be held in camera in the
24 Court's discretion. Any "confidential" material used in any court proceeding in this action
25 will not lose its confidential status through such use.

26 This Order will be without prejudice to the right of the parties (i) to bring before
27 this Court at any time the question of whether any particular document or information is
28 confidential or whether its use should be restricted or (ii) to present a motion to the Court

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1 under FRCP 26(c) for a separate protective order as to any particular document or
2 information, including restrictions differing from those as specified herein. This Order
3 will not be deemed to prejudice the parties in any way in any future applications for
4 modification of this Order.

5    <u>Subpoenas</u>. If any person or party receives a subpoena or other process or order to
6 produce any "confidential" information and/or documents in that person or party's
7 possession, custody, or control, that person or party will promptly:

8    (a)   <u>Notify</u> in writing all attorneys of record;

9    (b)   Furnish those attorneys with a copy of the subpoena or other process
10 of order; and

11    (c)   Provide reasonable cooperation with respect to a procedure to
12 protect the "confidential" information and/or documents sought. If Plaintiff or
13 Defendants make a motion to quash or modify the subpoena, process, or order, there will
14 be no disclosure, process, or order until the Court has ruled on the motion, and then only
15 in accordance with the ruling. If no motion is made despite a reasonable opportunity to
16 do so, the person or party receiving the subpoena or other process or order will be entitled
17 to comply with it if the person or party has fulfilled its obligations under this order.

18    <u>Objections</u>. In addition, all "confidential" information and/or documents produced
19 by Pacific and National Fire are produced subject to objections that the production of
20 such documents is burdensome and oppressive, that such documents contain information
21 protected by the attorney-client and/or attorney work product privileges, that such
22 documents contain proprietary information and/or information which is trade secret, and
23 that such documents contain information which is not relevant to the subject matter of
24 this action nor likely to lead to the discovery of admissible evidence. Neither the
25 provisions of this Order nor any disclosure of "confidential" material by any party or
26 non-party pursuant to this Order shall constitute a waiver at any time in this litigation or
27 in any other matter, of any attorney-client, joint defense, work product or other privilege,
28 doctrine or protection, including protections afforded by the applicable Federal Rules of

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1  Civil Procedure.  Production of "confidential" documents or information should in no
2  way be deemed an adoption by the party producing such document or information of the
3  requesting party's conclusions regarding how this information may be utilized by the
4  producing party or the relevance of this information.  Absent a stipulation of all parties,
5  the fact that information and/or documents have been designated as "confidential" under
6  this order will not be admissible for any purpose, including but not limited to the trial of
7  this action, nor will the jury be advised of this designation.

      <u>Return of Information and Documents</u>.  This order shall survive the final termination of this action, to the extent that the information contained in "confidential" material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as "confidential" and all copies of same, including but not limited to copies of same provided to the parties' experts, or shall certify destruction thereof.

Dated:_____, 2011    EVERS LAW GROUP

By: _____
    Geoffrey O. Evers
    Attorney for Plaintiff
    Energy 2001

DATED:_____, 2011    BERGER KAHN

By: _____
    Ann K. Johnston
    Attorney for Defendants
    Pacific Insurance Agency, Limited and
    National Fire and Marine Insurance Company

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

6
Stipulation and [Proposed] Protective Order    Case No.: 2:10-CV-00415-JAM-KJN
Re Confidentiality of Documents and Other Information

Dated:_____, 2011        WILD, CAREY & FIFE


By: _____
William D. Henley
Attorney for Defendants
Alameda Associates Insurance Agency and
Rick Verne McKinley


**ORDER**

Upon review of the parties' stipulation, the undersigned HEREBY APPROVES the Stipulation and Proposed Protective Order (Dkt. No. 68), except that the court shall not retain jurisdiction after final termination of this action to resolve any dispute concerning the use of information disclosed hereunder.  The undersigned notes that the Stipulation and Proposed Protective Order filed by the parties, as opposed to the electronic copy lodged with the court, included signatures of counsel for all of the parties to the stipulation.

IT IS SO ORDERED.

DATED: August 10, 2011


_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY 2001, | CASE NO. 2:10-CV-00415-JAM-KJN |
| Plaintiff, | |
| vs. | **CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER** |
| PACIFIC INSURANCE COMPANY LIMITED INCORPORATED; NATIONAL FIRE AND MARINE INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; ALAMEDA ASSOCIATES INSURANCE AGENCY, INCORPORATED; RICK VERNE MCKINLEY AS AN INDIVIDUAL; AND DOES 1-100, | DATE ACTION FILED: 2/17/2010<br>TRIAL DATE: 3/12/2012 |
| Defendants. | |

The undersigned hereby acknowledges having read the Stipulation and Protective Order agreed to by the parties and entered by the Court in the above-entitled action. The undersigned understands the terms thereof and agrees to be bound by such terms.

In particular, the undersigned understands that the terms of the Stipulation and Protective Order obligate the undersigned to use "confidential" information and/or documents solely for the purposes of this action and any considerations of settlement hereof, and to not disclose any "confidential" information and/or documents to any other person, firm or concern not known to be bound by the Stipulation and Protective Order.

PRINTED NAME:

ADDRESS:

PHONE NUMBER:

Dated: _____       _____
                                                          (Signature)