UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY 2001, | Case No. 2:10-CV-00415-JAM-KJN |
| Plaintiff, | **ORDER TO GRANT MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS ALAMEDA ASSOCIATES INSURANCE AGENCY, INC., AND RICK VERNE McKINLEY** |
| v. | |
| PACIFIC INSURANCE COMPANY LIMITED INCORPORATED, et al., | |
| Defendants. | Date: December 7, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 6<br>Judge: Hon. John A. Mendez |
| | Date Action Filed: February 17, 2010<br>Trial Date: March 12, 2012 |

This matter comes before the court on the Rule 56 Motion for Summary Judgment (ECF #73) filed by defendants Alameda Associates Insurance Agency, Inc., and Rick Verne McKinley (hereafter referred to collectively as "AAIA"). Plaintiff Energy 2001, Inc., filed written opposition to the motion, and AAIA filed a written reply. A hearing on the motion was calendared for 9:30 a.m. on December 7, 2011, with the Hon. John A. Mendez, District Judge, presiding.

**Factual and Procedural Background**

In this action, plaintiff's Second Amended Complaint (ECF #48) alleges two claims against AAIA. In a Fourth Cause of Action, entitled "Negligence," plaintiff alleges that AAIA has breached an insurance broker's professional duty of care, in that AAIA owed to plaintiff an alleged duty to obtain insurance coverage sufficient to cover a loss that plaintiff suffered on August 8, 2008, and that AAIA failed to do so. In a Second Cause of Action, entitled "Breach of Oral Contract," plaintiff alleges that AAIA breached an oral agreement to obtain insurance coverage sufficient to cover that same August 2008 loss. Plaintiff's Breach of Contract claim

PDF created with pdfFactory trial version www.pdffactory.com

depends *inter alia* on the theory that it fell within the scope of AAIA's professional duty of care to obtain such insurance. It follows that plaintiff's breach of contract claim necessarily depends on the same factual showing regarding the scope of that duty as its negligence claim.

Plaintiff chose not to designate a standard of care expert within the July 1, 2011, deadline that this court set in its Status (Pre-trial Scheduling) Order (ECF #24), or at all. AAIA contends that California law requires the opinion evidence of a standard of care expert to sustain plaintiff's claim of professional negligence, and that in the absence of such evidence plaintiff's negligence claim must fail as a matter of law.

AAIA contends that plaintiff's claim for breach of contract claim must fail for the same reason: that this claim necessarily depends on the theory that AAIA owed to plaintiff a professional duty of care to procure insurance coverage sufficient to cover plaintiff's August 2008 loss. AAIA therefore contends that plaintiff's breach of contract claim must likewise fail as a matter of law.

AAIA contends further that plaintiff's claim for breach of contract depends, in addition, on the theory that AAIA expressly agreed to research and procure the correct amount of insurance and appropriate insurance coverages to ensure plaintiff for any and all conceivable losses that were insurable, but that plaintiff can submit no evidence in support of that theory. To the contrary, AAIA contends that undisputed facts show that its agreement with respect to plaintiff's business property was to obtain insurance coverage sufficient to satisfy plaintiff's creditor, Caterpillar Financial, and that AAIA performed that agreement without exception throughout its relationship with plaintiff.

Plaintiff denies plaintiff's contentions and contends that triable issues of fact remain, sufficient to preclude judgment as a matter of law.

### Order

AAIA has filed a written Objections to the Declarations Submitted by Plaintiff (ECF #84-1). AAIA objects to paragraphs 3 and 4 of Declaration of Geoffrey O. Evers (pages 51 to 53 of ECF #83-2), on the ground that they are hearsay not within any exception. AAIA objects to paragraphs 3 and 4 of Declaration of Laura McClellan (pages 54 to 57 of ECF #83-2), on the

PDF created with pdfFactory trial version www.pdffactory.com

ground that they are hearsay not within any exception.  The court finds all four of these objections to be well taken. All four of these objections are sustained.

As required by Rule 260(a) of the Local Rules of this court, AAIA filed a Statement of Uncontested Facts (ECF #75) in support of its motion.  Rule 260(b) of the Local Rules then required plaintiff to reproduce that Statement of Undisputed Facts and to admit those facts that were undisputed and deny those that were disputed.  Plaintiff did not do this.  At the hearing on the motion, plaintiff stated on the record that there was nothing to dispute and that every fact in AAIA's Statement of Undisputed Facts was undisputed.

The court finds on uncontested facts that plaintiff chose not to designate a standard of care expert on a timely basis.  Plaintiff's negligence claim requires the evidence of a standard of care expert. *United States Fidelity & Guaranty Co. v. Lee Investments, LLC,* 641 F.3d 1126, 1138-1139 (9th Cir. 2011).  Plaintiff has no such evidence.  Plaintiff cannot rely on the deposition testimony of defendant McKinley to establish the standard of care.  Plaintiff has failed to establish Mr. McKinley as expert, and did not disclose Mr. McKinley as required by Federal Rules of Civil Procedure Rule 26.  Because plaintiff's claim for negligence requires a standard of care expert and plaintiff has not designated a standard of care expert, plaintiff's claim for negligence is subject to dismissal.

The same waiver of the opportunity to designate a standard of care expert is equally effective with respect to plaintiff's claim that AAIA orally agreed to obtain insurance coverages which would have been sufficient to cover the August 2008 loss.  Whether or not AAIA breached this alleged agreement depends in part on whether AAIA met a professional standard of care.  In the absence of a standard of care expert, plaintiff can submit no expert opinion evidence on that issue.

Regarding plaintiff's further theory that AAIA expressly agreed to research and procure the correct amount of insurance and appropriate insurance coverages to ensure plaintiff for any and all conceivable losses that were insurable, AAIA contends that there was no mutual consent to that term. AAIA has submitted undisputed facts in support of this contention.  Plaintiff does not deny these facts.  AAIA has submitted undisputed facts showing that its agreement with

PDF created with pdfFactory trial version www.pdffactory.com

plaintiff was to obtain insurance sufficient to satisfy Caterpillar Financial, PG&E, and the WPWMA, and that it performed this agreement.  Plaintiff does not deny these facts.

The burden shifts to plaintiff to submit admissible evidence to show that AAIA did agree to undertake a duty to procure insurance sufficient to cover any and all conceivable losses. Plaintiff has failed to discharge that burden.  Plaintiff has submitted no admissible evidence to show that AAIA agreed to procure insurance sufficient to cover any and all conceivable losses.

Therefore, plaintiff's breach of contract claim is also subject to dismissal.

For the foregoing reasons, the Motion for Summary Judgment filed by defendants Alameda Associates Insurance Agency, Inc., and Rick Verne McKinley is hereby granted.

IT IS SO ORDERED.

Dated: December 8, 2011

/s/ John A. Mendez\
JOHN A. MENDEZ\
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER TO GRANT MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS ALAMEDA ASSOCIATES INSURANCE AGENCY, INC., AND RICK VERNE McKINLEY

4

PDF created with pdfFactory trial version www.pdffactory.com